30177.   TROST *v.* WOODRUFF.

DECIDED NOVEMBER 26, 1943.

*Foley & Chappell,* for plaintiff. *Swift, Pease, Davidson, Swinson & Chapman, W. G. Love,* for defendant.

FELTON, J. ■ The motion to dismiss the writ of error is denied. We do not interpret the judge's note as contradicting the bill of exceptions. As we interpret the note it simply means that there was no express overruling of the objections made to proceeding with the hearing without an approved brief of the evidence and amended motion for a new trial.

■ The Code, § 6-805 provides: "Objections in connection with motion for new trial to be raised before trial judge.—Where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." Under the facts of this case the respondent sufficiently complied

with the above Code section by objecting to proceeding with the hearing without an approved brief of the evidence and approved amended grounds of the motion for a new trial. Proceeding with the hearing was equivalent to an, overruling of the objections. Such motion was the making of such an objection as is contemplated by the quoted section of the Code, and also was an insistence upon it within the meaning of the section. The action of the judge in proceeding with the hearing was necessarily an overruling of the objection, and since this is true, the respondent will not be held to have waived the approval of the documents referred to by arguing the motion on its merits after such overruling of their objection. There was no motion to dismiss the motion for a new trial based on the absence of an approval brief of the evidence. In view of what has been said the judge erred in considering and passing on the motion as amended without an approved brief of the evidence, and in passing on the amended grounds without their having first been approved. Upon return of the case to the trial court it will stand as if the motion for a new trial had never been heard and passed on, and for whatever other proceedings as are meet and proper under the circumstances.

*Judgment reversed with direction. Stephens, P. J., and Sutton, J., concur.*